UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BALOWSKI,

    Plaintiff/Counter-Defendant,

v.                                              Case No.11-cv-15119

CITY OF PONTIAC and PONTIAC
GENERAL EMPLOYEES RETIREMENT
SYSTEM,

    Defendants.
                                            /

**ORDER DENYING "MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT"
AND GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Currently pending before the court are Defendants' motions to dismiss and for summary judgment, and Plaintiff's "Motion for Leave of Court to File First Amended Complaint", filed February 14, 2012.  For the reasons set forth below, the court will deny Plaintiff's motion to amend and grant Defendant's motions to dismiss and for summary judgment.

**I.  STANDARD**

The decision whether to grant leave to amend the pleadings is governed by Federal Rule of Civil Procedure 15.  Rule 15 provides:

  (a) Amendments Before Trial.

      (1) Amending as a Matter of Course. A party may amend its
      pleading once as a matter of course within:

           (A) 21 days after serving it, or

           (B) if the pleading is one to which a responsive pleading is
           required, 21 days after service of a responsive pleading or
           21 days after service of a motion under Rule 12(b), (e), or (f),
           whichever is earlier.

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

"In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are undue 'delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). "Upon a plaintiff's request for leave to amend the complaint, a district court is obliged to give leave freely "when justice so requires.'" *Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003).

The court should deny a motion to amend the complaint if the proposed claims would be futile. Claims are futile if they could not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion, a complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, it must contain more than "labels and conclusions," *id.*, "a formulaic recitation of the elements of a cause of action," *id.*, or "naked assertion[s]" unsupported by "further factual enhancement," *id.* at 557. In other words, though "a court must accept as true all of the allegations contained in a complaint," this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

A complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, by "stat[ing] a claim to relief that is plausible on its face," *id.* at 570. A claim is facially plausible when the plaintiff pleads facts "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than showing only "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.  DISCUSSION

Plaintiff seeks to amend in the proposed First Amended Complaint in two significant ways. The complaint as it now stands alleges in Count I a claim under the Employee Retirement Income Security Act (ERISA), 29 USC § 1001, *et seq.*, against Defendant Pontiac General Employees Retirement System (GERS) for denial of benefits under ERISA and against Defendant City of Pontiac for breach of fiduciary duty under ERISA. In Count II Plaintiff brings a claim under ERISA against GERS and the City of Pontiac for interference with Plaintiff's right to eligibility under the Pension Plan, and in Count III a claim under the Family Medical Leave Act (FMLA), 29 USC § 2601, *et seq.*, against the GERS and City of Pontiac for refusing to acknowledge that an FMLA approved leave and/or a paid sick leave must be treated as continuing service under a Pension Plan.

After Defendant GERS filed its motion for summary judgment, Plaintiff "acknowledged that ERISA does not apply to a governmental plan," (Pl. Mtn. Amend. at 2), and in further response sought to file an amended complaint alleging, first, a claim for "breach of contract arising under federal law based on the theory that the Pension Plan is a contract and the Plaintiff and GERS and the City of Pontiac are parties to the contract and GERS and the City of Pontiac violated the contract by failing to provide Plaintiff with credited service for FMLA leaves of absence and for paid sick leave," and, second, a claim for breach of contract arising under state law. *Id.*

In his brief in support of the theory that there exists federal jurisdiction, Plaintiff argues that "a federal court has jurisdiction of the breach of contract claim under Section 301 of the Labor Management Relations Act, 28 USC § 185," and that the court has "pendant jurisdiction" over the state-law breach of contract claim. (Pl. Br. p. 5.) However, it is well established that the LMRA applies only to private employers, 29 U.S.C. § 152(2), and not to the "United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof." *Id.*; *Holloman v. Greater Cleveland Regional Transit Authority* 930 F.2d 918 (Table) (6th Cir. 1991) (Greater Cleveland Regional Transit Authority, "as a political subdivision of the state of Ohio, is not an 'employer' as defined in 29 U.S.C. § 152(2)")(citing *Manfredi v. Hazelton City Auth., Water Dept.*, 793 F.2d 101, 102 (3d Cir.1986)).

Further, as to Defendant GERS, the court concludes that Plaintiff has not exhausted his administrative remedies, as GERS's statement demonstrating such lack of exhaustion, made in its motion for summary judgment, has been left uncontroverted.

4

Nor does Plaintiff state an FMLA claim against GERS, as there is no allegation that GERS was Plaintiff's employer.

Finally, Plaintiff has filed no reply to either response filed by Defendants in an effort to assert that any Defendant's argument made in opposition to the proposed amended complaint is in any way erroneous.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion for Leave of Court to File First Amended Complaint" [Doc # 8], filed February 14, 2012, is DENIED.

IT IS FURTHER ORDERED that Defendant GERS's "Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" [Dkt. #5] is GRANTED, and

IT IS FURTHER ORDERED that Defendant City of Pontiac's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" [Dkt. #11] is GRANTED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 14, 2012, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522